Andrew C. Robinson v. William B. Lakey.

A petition for *certiorari* which merely contains allegations of conclusion and of belief of the petitioner, is not sufficient.

Where the petition for *certiorari* to revise a judgment for a cow or her value, contained an allegation that the petitioner had been in peaceable and undisputed possession of the cow for three years or over that time, and proved the same before the jury, and that without any contradictory or explanatory evidence by the plaintiff on that point, the verdict was rendered against the petitioner, and it did not appear from the entries on the docket of the Justice, that the defendant had pleaded the Statute of Limitations, it was held that the allegation was not sufficient, without further statement that the Statute of Limitations was relied on as a defence at the trial.

The absence of a material witness, if not made the ground of an application for a continuance, is not good cause for a *certiorari*.

Error from Rusk. Tried below before the Hon. William W. Morris.

The petition for *certiorari*, after stating the suit and judgment in the Justice's Court, in favor of Lakey against the petitioner Robinson, for a cow or her value assessed at $20, five of which had been remitted, continued as follows: He says, that he believes the said judgment was contrary to law and evidence, and that great injustice has been done him by the said judgment, and that this *certiorari* is not sought for delay, but because he has a just defence on the merits, which he believes he can establish on a new trial in your Honor's Court. He says that he had been in peaceable and undisputed possession for three years, or over that time, and proved the same before the jury, and yet without any contradictory or explanatory evidence by the plaintiff on that point, the verdict was rendered against him. He says that he bought and paid Gen. James Smith for the cow, and that it is his own property. He says

that he believes that the evidence established that fact, and that the evidence of George Turner for plaintiff proved a different mark from the one claimed. He also says, that Giles Boggess was a material witness absent in the army, and that he could not procure his attendance or deposition, and was greatly injured thereby, as he was the person who witnessed the contract as rehearsed and can establish the same, whose evidence he thinks he can get to establish the fact.

*Lewis & Smither*, for plaintiff in error.

*M. Casey*, for defendant in error.

ROBERTS, J. The plaintiff's petition for a *certiorari* being dismissed by the District Court upon exception of defendant, the only question in the case is, do the allegations of the petition entitle the plaintiff to the remedy sought.

It has been held by this Court, that "vague general statements of the injustice of the cause of action, or of the validity of the defence, present no grounds of judicial interposition" (Ford v. Williams, 6 Tex. R. 311.) "That the petition must show on its face the error or illegality complained of by petitioner, and that there was an attempt to make the grounds relied on available on the trial, or the reasons why they were not presented must be alleged." (Clay v. Cay, 7 Tex. R. 251; Haly v. Villeneuve, 11 Id. 617.) Petitioner must show, either affirmatively or negatively, not only the merits of his own cause of action or defense, but also the facts which constitute the means of their defeat on the trial, so that the·Court and not the party himself may judge of the alleged error. This rule is clearly deducible from the case of Johnson v. Lane, 12 Tex. R. 179. That "mere irregularities or errors which have operated no prejudice to the right of the party, will not suffice as a ground for obtaining a *certiorari*." (Creswell v. Richter, 13 Tex. R. 18; O'Brien v. Dunn, 5 Id. 577.)

Robinson v. Lakey.

The petition in this case will not bear to be tested by these rules. Most of it consists of conclusion and belief of the petitioner, and the only part which requires to be considered reads as follows : " He says that he had been in peaceable and undisputed possession (meaning of the cow) for three years or over that time, and proved the same before the jury, and yet without any contradictory or explanatory evidence by plaintiff, on that point, the verdict was rendered against him." It is no where stated that he relied on the Statute of Limitations upon the trial. Without such statement, these facts would avail him nothing, as has been pointedly decided in the case of Hope v. Alley, 11 Tex. R. 259. The petition states that one of his material witnesses was absent, and he was not able to procure his testimony. He should have continued the cause for that reason, if it were sufficiently important to him. He states " that the evidence of George Turner for plaintiff, proved a different mark." But he does not negative the idea that Lakey proved the cow to be in his mark by any number of other witnesses.

We are of opinion that there was no error in dismissing the petition.

Judgment affirmed.