## J. S. RILEY v. CHARLES RUNKLE.

In a petition for a *certiorari*, on the ground that the justice overruled a motion for a continuance, the parties should set forth what showing he made. It is not enough to state that he made a legal showing.

The 2d section of our statute about discounts and set-offs reads as follows: "In every action in which a defendant shall desire to prove any payment or set-off, he shall file with his plea an account, stating distinctly the nature of such payment or set-off, and the several items thereof; and on failure to do so he shall not be entitled to prove before the jury such payment or set-off, unless the same be so plainly and particularly described in 'the plea as to give the plaintiff full notice of the character thereof." (Paschal's Dig., Art. 3444, Note 795.) It is intended by that statute that the plaintiff shall have notice before he goes into trial of all the charges which the defendant seeks to establish against him, and in a trial before a justice the account, with the dates, should be filed before the commencement of the trial.

A petition for *certiorari* must contain such fullness and certainty as to show that some material error or injustice has been done to the petitioner, or that he had not been able to avail himself of his defense. (Paschal's Dig., Art. 468, Note 331.)

APPEAL from Burleson. The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

The part of the petition for a *certiorari* which was held to be insufficient is given for the information of all young *certiorari* lawyers. It reads thus:

"Defendant made his legal showing for a continuance for want of a material witness who had been duly subpœnaed, which legal showing for a continuance was overruled by said Cade, and defendant [was forced] into trial in the absence of all his witnesses. Defendant also denied any and all indebtedness to said plaintiff, and offered his account against plaintiff for the sum of $9 50, in the following words and figures, to wit:

"CHARLES RUNKLE,

"To J. S. RILEY, Dr.

| | |
|---|---|
| "April 20, 1858.—To visit and prescription for wife   -   -   -   -   -   -   - | $5 00 |
| "Nov. 10, 1858.—To three chairs, at $1 50   - | 4 50 |
| "Total   -   -   -   -   -   -   - | $9 50 |

"The dates not particularly recollected by petitioner. Said justice of the peace overruled both the right of petitioner for a continuance and also his right to file his account in offset."

A motion to dismiss was sustained. The plaintiff appealed.

*Phil. Claiborne,* for appellant, gave a history of the case "from memory."

No brief for appellee has been furnished to the *Reporter.*

WILLIE, J.—The motion to dismiss the *certiorari* was properly sustained in the court below. The petition states, that appellant made his legal showing for a continuance for want of a material witness, who had been duly subpœnaed, which legal showing was overruled by the justice of the peace, &c. What was a legal showing for a continuance in this particular case was a conclusion of law, to be drawn by the court from a statement of the facts upon which the application to continue was based. The petition should have set forth these facts, or the substance of them, so that the court could have judged as to their sufficiency to sustain a motion for a continuance. (Robinson v. Lakey, 19 Tex., 139, and authorities cited.)

Nor did the allegation in the petition, that the defendant, in the justice's court, offered his account against plaintiff, and that the justice refused to allow it to be filed in offset, furnish sufficient ground for a *certiorari.* The law regulating discounts and set-offs requires that, where a defendant shall desire to prove any payment or set-off, he shall file with his plea an account, stating distinctly the nature of such payment or set-off, and the several items thereof, and, on failure to do so, he shall not be entitled to prove before the jury such payment or set-off, unless the same be so particularly described in the plea as to give the plaintiff full notice of

the character thereof. It was evidently intended by this statute, that the plaintiff should have notice, before he went into trial, of all items of charges that defendant might seek to establish against him, so that he could be prepared with proof to combat them. An account in set-off, filed after the commencement of the trial, would therefore properly be stricken out. It does not appear from the petition whether the account of defendant was filed before or after the trial was begun, and for this the petition was defective. "In making out a statement of the case before the justice, on a petition for *certiorari*, there must be such fullness and certainty in the averments as will show what the case really was, that some material error or injustice had been done the petitioner, or that he had not been able to avail himself of a legitimate defense." (McKenzie v. Pitner, 19 Tex., 135.)

Here the injustice complained of by the petitioner was in not allowing him the benefit of his set-off against the plaintiff. One fact of vital importance, to entitle him to that benefit, was, that the offset should be specifically set forth and pleaded before the trial, in order that the plaintiff might have full notice of the same; and yet this fact is not alleged in the petition. On the contrary, the inference, from the statement made in the petition, would seem to be, that it was shown to the court, and made known to the opposite party, for the first time, after defendant's motion for a continuance had been overruled, and he had actually gone into trial upon a plea of general denial alone.

There is no error in the judgment, and it is

AFFIRMED.