PERRY-RICE GROCERY COMPANY v. W. E. CRADDOCK
GROCERY COMPANY.

Decided February 6, 1904.

**1.—Action Against Nonresident—Amendment Without Service.**

Plaintiff sued defendant as a nonresident corporation, with an ancillary garnishment against a resident party. After notice had been served on de-fendant, the plaintiff filed an amended petition alleging that defendant was a partnership firm composed of A. and other persons to plaintiffs unknown, and without serving notice of the amendment on defendant, who had not answered, took judgment by default. Held, that the amendment set up a new cause of action, and without service of notice thereof, the judgment was unauthorized and void.

**2.—Same—Judgment Against Garnishee.**

The judgment taken at the same time by plaintiff against the garnishee upon its answer that it was indebted to the defendant was also unauthorized and void because there was no valid judgment against the defendant in the original proceeding.

**3.—Partnership—Judgment by Default Against—Names of Members.**

A judgment by default against a partnership is invalid where plaintiff's petition does not allege the names of the individual members composing the firm.

Error from the County Court of Kaufman. Tried below before Hon. H. M. Cosnahan.

*Lee R. Stroud* and *Young & Adams,* for plaintiff in error.

TALBOT, ASSOCIATE JUSTICE.—W. E. Craddock Grocery Company, a corporation doing business at Terrell, Texas, brought suit against Arbuckle Brothers, of the city and State of New York, on December 1, 1902, to recover on a contract the sum of $250, and on the same day sued out a writ of garnishment against Perry-Rice Grocery Company, plaintiff in error. The plaintiff in the court below, W. E. Craddock Grocery Company, alleged in its original petition that defendants, Arbuckle Brothers, was a corporation organized and doing business under the laws of the State of New York, with its principal office in the city of New York. A nonresident notice as provided for by article 1230 of the Revised Statutes, together with a certified copy of plaintiff's petition, was served on defendants in the city of New York on the 12th day of December, 1902, by delivery thereof to John Arbuckle.

The garnishee, in obedience to the writ served upon it, answered on the 14th day of January, 1903, that it was indebted to the defendants, Arbuckle Brothers, in the sum of $468. On February 2, 1903, during a regular term of the court, the plaintiff filed an amended petition in which it alleged that the defendant, Arbuckle Brothers, was a partnership firm, composed of John Arbuckle and other persons to plaintiff unknown. No notice of this amended petition was served upon Arbuckle Brothers. Defendants did not answer, and on the same day the amended petition was filed plaintiff proceeded to take judgment final by default for the sum of $260, interest and costs. This judgment having been entered against Arbuckle Brothers, plaintiff then took judgment against

the garnishee, Perry-Rice Grocery Company, on its answer for a like sum, together with all costs in the cases incurred.

Plaintiff in error has brought the case before this court for revision, and contends that the judgment rendered in the original suit is void for want of service of notice on defendants, Arbuckle Brothers, of plaintiff's amended petition.

This contention is believed to be correct and requires a reversal of the judgment against plaintiff in error. The original petition of which Arbuckles Brothers had notice, presented an action against them as a corporation, and by amendment the capacity in which they were sued was changed from that of corporation to a partnership. This was equivalent to the institution of a new suit, and defendants not having pleaded thereto, before a valid judgment can be rendered therein against them service of such amendment must be had upon them. The seizure of a defendant's property by a writ of attachment or garnishment does not obviate the necessity of service of citation as provided by law in ordinary suits.

It has been held in this State that the mere change of parties, such as an amendment which strikes out one of the plaintiffs or corrects the christian name, is not such a change in the character of the suit as would give the defendant the benefit of limitation. It has also been held that the mere addition of the name of one of the partners of a firm sued, whose name had been omitted in the original petition, the other plaintiffs remaining the same; or when suit is brought in the name of a nominal plaintiff for the use of another person, the substitution by amendment of the person for whose benefit the suit was originally brought would not require the service of notice thereof on the adverse party. Robinson v. McIlhenny, 59 Texas, 615; Martel v. Somers, 26 Texas, 551; Price v. Wiley, 19 Texas, 141. But where there is an entire change in the names of the plaintiffs, or the capacity in which the defendant is sued, service of such an amendment must be made upon the other party, or else judgment taken against such new party will, in the absence of a voluntary appearance and answer thereto, be void. McIlhenny v. Lee, 43 Texas, 205; Roberson v. McIlhenny, Hutchins & Co., 59 Texas, 615. Again, it appears that the names of the individual members composing the firm of Arbuckle Brothers were not alleged in the amended petition, and it has been held in this State that a judgment taken without such allegation is invalid. Frank v. Tatum, 87 Texas, 204; Standard Light and Power Co. v. Muncey, 1 Gammel's Law Jour., 665, 8 Texas Ct. Rep., 582. In order to warrant and sustain a judgment against a garnishee there must be a valid judgment against the defendant in the original proceedings. If that judgment is void the garnishment judgment falls with it. Edrington v. Allsbrook, 21 Texas, 185.

Our conclusion is that the judgment taken by W. E. Craddock Grocery Company against Arbuckle Brothers is void because notice of the amended petition, wherein the capacity in which they were sued was

changed from that of a corporation to a partnership firm, was no. served upon them, and such judgment is further insufficient to support the judgment taken by them against the plaintiff in error as garnishee, for the reason that the names of the individual members composing the firm of Arbuckle Brothers were not alleged.

For these reasons, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*