## JONES v. S. G. DAVIS MOTOR CAR CO.
### (No. 8358.)

(Court of Civil Appeals of Texas. Dallas. March 27, 1920. Rehearing Denied Oct. 16, 1920.)

1. Names ⚖⇒10—One doing business under trade-name may sue on note in individual name.

One doing business under a trade-name could sue in his individual name on a note payable under the trade-name, without alleging or proving a transfer.

2. Pleading ⚖⇒279(3)—Supplemental petition held not proper pleading to cure defect in petition.

A supplemental petition was not the proper pleading for disclosing the fact that one, suing in his individual name on a note payable under a trade-name, was doing business under such trade-name, and thereby curing a defect in the petition, which simply alleged that defendant executed to plaintiff the note sued on, as such defect should have been cured by amendment.

3. Pleading ⚖⇒398—Variance only material when it misleads or surprises.

A variance in pleading and proof is material only when it tends to mislead or surprise the adverse party, and hence pleading that note was executed and delivered to plaintiff, and introducing in evidence a note payable under a trade-name, was not prejudicial, where the execution of the note admitted in evidence was conceded in defendant's pleading, and the material issue was partial failure of consideration, in view of a supplemental petition, alleging that plaintiff was doing business under such trade-name.

4. Appeal and error ⚖⇒260(2)—Exclusion of testimony not reviewed in absence of exception.

Appellate court cannot consider a complaint that court improperly excluded testimony, where no exception was reserved.

5. Appeal and error ⚖⇒837(12)—Evidence improperly excluded without exception, not considered in reviewing peremptory instruction.

Evidence, which the court excluded, after admitting it, without exception being made, cannot be considered by the appellate court under an assignment that the court erred in peremptorily directing a verdict, even though the evidence was improperly excluded.

6. Judgment ⚖⇒244—Misnomer of party did not impair validity as between parties.

Action of the court in directing a verdict in favor of the S. G. D. Motor Car Company in an action on a note by S. G. D., the note being payable to the S. G. D. Motor Car Company, under which trade-name plaintiff was doing business, being inadvertent, amounted to no more than a misnomer, and as between the parties themselves did not impair the validity or effect of the judgment for the motor car company.

Appeal from Dallas County Court; W. L. Thornton, Judge.

Action by S. G. Davis against John G. Jones. Judgment for S. G. Davis Motor Car Company, and defendant appeals. Affirmed.

Wm. F. Robertson, of Dallas, for appellant.
Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

RASBURY, J. This is an appeal from the judgment entered upon peremptory verdict in favor of appellee, S. G. Davis Motor Car Company, for the amount due upon the note of appellant, John G. Jones, liability on which was denied, because of a partial failure of consideration.

The first assignment of error is that the court erred during the progress of the trial in admitting in evidence the note for which judgment was rendered, for the reason that there was a material variance in its terms and the terms of the one declared on in the petition. The facts in that respect, as disclosed by the record, are these: Appellee's case was presented upon an amended and supplemental petition. The amended petition was styled S. G. Davis Motor Car Company v. John G. Jones, but it averred:

"Now comes S. G. Davis, plaintiff, leave of court first had and obtained, and files this, his first amended original petition," etc.

It then asserts, in substance, that appellee executed and delivered to plaintiff the note sued on, that it was due, unpaid, and that the usual attorney's fees had accrued, etc. The supplemental petition was similarly styled, and avers, "Now comes S. G. Davis, doing

business as the S. G. Davis Motor Car Company, and files this, his first supplemental petition," etc., which is followed by exceptions, pleas and answer to facts alleged as defense by appellee. The note admitted in evidence over appellant's objection was payable to the S. G. Davis Motor Car Company. It thus appears that while the petition declared on a note payable to S. G. Davis, the one introduced in evidence was payable to S. G. Davis Motor Car Company. We are of opinion, however, that that fact does not require a reversal of the case.

[1, 2] The allegations of the supplemental petition show that S. G. Davis was doing business as S. G. Davis Motor Car Company. A note payable under the trade-name would be the note of S. G. Davis, and could be sued on by him in his individual name without alleging or proving a transfer. It is true the supplemental petition was not the proper pleading for disclosing that fact, and thereby curing the defect in the amended petition. The defect should have been cured by amendment. At the same time there seems to have been no exception to that method of pleading, or any suggestion of a better plea.

[3] Variance in pleading and proof are material only when it tends to mislead or surprise the adverse party. Brown Cracker & Candy Co. v. Johnson, 154 S. W. 684, and cases cited. No such contention is made. The execution of the note admitted in evidence was conceded in appellant's pleading. The material issue was partial failure of consideration. As a consequence, the irregular pleading nor the variance, if it was a variance, in view of the supplemental petition, could not have misled or surprised appellant; in fact he does not claim it did.

[4, 5] As we have indicated upon conclusion of the evidence, the court peremptorily directed verdict for appellee. The court's action in that respect is assigned as error, the precise contention being that testimony in support of appellant's plea of partial failure of consideration was adduced, and hence presented an issue for the jury. The facts upon which the issue thus raised depends as disclosed by the record are these: The note sued on was executed in part payment of an automobile warranted by appellee, among other things, not to consume more than a gallon of gasoline in going a distance of 15 miles. The warranty failed in that respect, the evidence showing that the car consumed a gallon of gasoline in going 8 or 9 miles. Appellant also alleged that the difference in value of the car which appellee agreed to deliver and the one actually delivered was $500, for which amount he sued. To support the contention that testimony was adduced to support the allegation as to the difference in value, and that as a consequence the court erred in directing verdict, counsel quotes from the statement of facts testimony of appellant that there was a difference of $400 or $500 in value between an automobile that would consume one gallon of gasoline while traveling 15 miles and one that would consume a gallon of gasoline while traveling 8 or 9 miles. The court did not, however, approve appellant's evidence, as we have recited it, when the statement of facts was presented to him for approval. In signing the statement of facts the court declares such evidence was excluded because appellant had not qualified to give his opinion. The court's voir dire examination, upon which it was held that appellant could not give his opinion, is attached to the statement of facts. Whether the court improperly excluded the testimony in that respect is not before us, since appellant reserved no exception to the exclusion of the testimony on the ground that the witness had, in fact, qualified to give his opinion. The contention is that there was evidence to support the issue. Obviously, there is none, if the court after admitting it, excluded it, and, that being true, there was no evidence to be considered by the jury, even though the evidence was improperly excluded. As we have indicated, no bill of exceptions questioning the correctness of the court's action in excluding the testimony was reserved, and we may not, as a consequence, pass on that issue.

[6] The court's peremptory instruction directed the jury to return verdict in favor of S. G. Davis Motor Car Company. Such verdict was returned, and judgment followed the verdict. Appellant contends that the pleading did not authorize a verdict in favor of S. G. Davis Motor Car Company. Obviously the court's action in view of the pleading was inadvertent, and amounts to no more than a misnomer, and as between the parties themselves does not impair the validity or effect of the judgment, since "the record and judgment together point out the persons to be bound by the judgment with unmistakable certainty." 23 Cyc. 815; Hopson v. Schoelkopf, 27 S. W. 283. As a consequence, satisfaction of the judgment would be a complete bar to all parties to the record.

Finding no reversible error in the record, the judgment is affirmed.