## DAVIS v. RANEY AUTO CO. (No. 2708.)

(Court of Civil Appeals of Texas. Texarkana. March 1, 1923.)

**Parties ⚖=67—Individual held not entitled to sue under trade-name.**

An individual doing business under the trade-name R. Auto Company was not entitled to bring suit under such trade-name, and a judgment in favor of plaintiff by such name was invalid, since suit may be only maintained by and against parties having an actual or a legal existence.

Error from Grayson County Court; Dayton B. Steel, Judge.

Action by the Raney Auto Company against Jas. C. Davis, Agent. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

R. S. Shapard, of Dallas, and Head, Dillard, Smith, Maxey & Head and J. F. Holt, all of Sherman, for plaintiff in error.

J. A. Carlisle and G. L. Hamilton, both of Sherman, for defendant in error.

HODGES, J. The judgment appealed from is based upon a claim for damages asserted by Marshall Raney, who was doing business under the trade-name of Raney Auto Company. The petition was filed in the name of Raney Auto Company, without otherwise designating the plaintiff; and the judgment was rendered in favor of the Raney Auto Company only. In the motion for a new trial the plaintiff in error raised the question of the validity of that judgment, and the same question is presented on this appeal.

The undisputed evidence shows that Marshall Raney was the sole owner of the business conducted under the name of Raney Auto Company. The question here presented is: Did the court err in refusing to set aside the judgment? We are of the opinion that he did. It is elementary that suit can be maintained by and against only parties having an actual or a legal existence. Every individual who sues for his own private benefit must sue in his own name; that is, the name by which he is legally known as distinguished from other individuals. The name "Raney Auto Company" is not the name of the plaintiff in this suit. It is merely a trade-name adopted by him for convenience and business purposes. If two or more persons were doing business under that trade-name as partners, they could not sue or be sued by that trade-name. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Perry-Rice Grocery Co. v. Craddock Grocery Co., 34 Tex. Civ. App. 442, 78 S. W. 966; Ry. Co. v. Corsicana Fruit Co. (Tex. Civ. App.) 170 S. W. 849; Law Reporting Co. v. Texas Grain Co. (Tex. Civ. App.) 168 S. W. 1001; 30 Cyc. p.

28. The reason for such a rule is that the association so described has no actual or legal existence either as a private individual or as a corporation. A suit must be by or against the individuals composing that association, or partnership. The same rule will apply when the trade-name is used by one individual instead of two or more. The legal principle involved is not different because of the number interested in the trade-name. Clearly, no suit could be maintained, or judgment rendered, against the "Raney Auto Company," because it is neither the name of a natural person nor that of a legal person. That name describes merely a business enterprise, which is not recognized in law as an entity which may sue or be sued.

If no valid judgment could be rendered against the Raney Auto Company by that name, for the same reason none could be rendered in its favor.

The judgment will therefore be reversed, and the cause remanded.