## CLARK v. FIRST NAT. BANK OF WICHITA FALLS et al.   (No. 3000.)

Court of Civil Appeals of Texas. Amarillo. March 14, 1928.

Rehearing Denied April 4, 1928.

1. Parties ⬤=67—Party doing business under assumed or trade name, after compliance with statutes, may sue or be sued in such name (Rev. St. 1925, arts. 5924, 5925).

Under Rev. St. 1925, arts. 5924, 5925, providing conditions under which persons shall conduct or transact business under assumed name, party doing business under such name, after complying with statutes, may sue or be sued in such assumed or trade-name.

2. Judgment ⬤=502—Default judgment against defendant under trade-name, but omitting word "corporation," held not void on collateral attack (Rev. St. 1925, arts. 5924, 5925).

Where citation in trade-name was served on individual doing business under such trade-name who had complied with Rev. St. 1925, arts. 5924, 5925, and he did not answer but permitted default judgment to be taken, which was rendered in trade-name but omitted word "corporation," held, that such judgment was not void as against collateral attack in garnishment proceedings.

3. Appeal and error ⬤=931(6)—Presumption is that court trying case without jury did not consider any inadmissible testimony.

Where case is tried before court without jury, presumption is that he did not consider any inadmissible testimony in rendering judgment.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Garnishment proceeding by R. M. Aldridge against the Model Laundry and R. H. Clark, defendants, and First National Bank of Wichita Falls, garnishee, originating in justice court, with cross-action by R. H. Clark. From a judgment in the county court, after appeal, against the garnishee, and that R. H. Clark take nothing by his cross-action, defendant Clark appeals. Affirmed.

Smoot & Smoot, of Wichita Falls, for appellant.

W. P. Smith, of Wichita Falls, for appellee Aldridge.

Kilgore, Rogers & Montgomery, of Wichita Falls, for appellee First Nat. Bank.

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

JACKSON, J. On the 8th day of November, 1925, R. M. Aldridge filed a suit in the justice court of Wichita county, against the Model Laundry, and on December 28th, thereafter, recovered judgment by default against the Model Laundry.

Based on this judgment, R. M. Aldridge, on January 26, 1926, made application for a writ of garnishment against the First National Bank of Wichita Falls, Tex.; the writ was properly issued and served on the bank, and it answered substantially that it had no effects belonging to the Model Laundry, but was indebted to R. H. Clark in the sum of $150, who, it was informed, was in some way connected with the Model Laundry.

R. M. Aldridge filed a controverting affidavit to the effect that the answer of the bank was incorrect in stating that it was not indebted to the Model Laundry, and was not when the writ of garnishment was served upon it, because the facts are that the Model Laundry is an assumed name used by R. H. Clark for business and trade purposes; that R. H. Clark is the sole owner of the business conducted by him under the name of Model Laundry; that he carries no bank account in such assumed name, but deposits the earnings of the business from the Model Laundry in the name of R. H. Clark; that the Model Laundry and R. H. Clark are one and the same party, and prayed that R. H. Clark and the Model Laundry be made parties defendant to the suit in garnishment.

R. H. Clark answered with a motion attacking the sufficiency of the affidavit in garnishment, pleaded general denial, and set up a cross-action for damages against R. M. Aldridge for the sum of $150 for wrongfully suing out the writ of garnishment.

The trial of the case in justice court resulted in a judgment in favor of the bank against R. M. Aldridge and against R. H. Clark on his cross-action.

The case was appealed to the county court of Wichita county, Tex., tried before the court without the intervention of a jury, and the court, in his judgment, found that R. H. Clark was doing business under the name of the Model Laundry and that R. H. Clark and the Model Laundry are one and the same; that the $150 in the hands of the bank to the credit of R. H. Clark is the money of the Model Laundry; that the judgment against the Model Laundry, upon which the garnishment is based, is a valid judgment, and decreed that R. M. Aldridge have judgment against the bank for the sum of $66.10, interest and costs, provided that in no event should the bank be required to pay any sum in excess of the $150 which it admitted having in its hands, deposited in the name of R. H. Clark; that Clark take nothing by his cross-action against Aldridge; and from this judgment, R. H. Clark, appellant, prosecutes this appeal.

Appellant challenges as error the action of the trial court in holding that the default judgment rendered against the Model Laundry in justice court, upon which the garnishment suit is based, was a valid judgment, because no service of citation was had against the Model Laundry that would authorize such judgment by default in the justice court.

The original judgment by default in justice court, upon which the garnishment suit is based, was rendered on a citation commanding the sheriff or any constable of Wichita county to summon the Model Laundry, a corporation, with an office, agent, and place of business at 1204 Ohio avenue, Wichita Falls, Tex., to answer the suit of R. M. Aldridge against the Model Laundry. The cause of action is then sufficiently pleaded, and this citation, according to the sheriff's return, was served on the Model Laundry by delivering the citation to R. H. Clark, its agent.

[1] The judgment decrees that R. M. Aldridge have and recover of the defendant Model Laundry, leaving off the word "corporation."

Article 5924 of the Revised Civil Statutes 1925 provides the conditions under which a person shall conduct or transact business in this state under an assumed name.

Article 5925, R. C. S., provides that, if there is a change in ownership of any business operated under an assumed name, each person disposing of his interest or withdrawing therefrom shall file, with the county clerk of the county in which such business is being conducted, a certificate setting forth the fact of such withdrawal or such disposition of his interest in the business.

A party doing business under an assumed name, where he has complied with the statute, could sue or be sued by such assumed or trade name. Jones v. S. G. Davis Motor Car Co. (Tex. Civ. App.) 224 S. W. 701; Freeman on Judgments, vol 1, p. 903; Martin v. Hemphill (Tex. Com. App.) 237 S. W. 550, 20 A. L. R. 984.

[2] On July 18, 1921, the appellant filed with the county clerk of Wichita county, Tex., his certificate, duly acknowledged before a notary public, stating that the Model Laundry is the name of the business conducted or transacted at 1204 Ohio avenue, Wichita Falls, Tex., and that the Model Laundry is an assumed name, and the true or real full name of the party owning and conducting such business is Robert H. Clark, which is still unchanged.

The record discloses that the sheriff or constable, in the citation upon which the original judgment by default was rendered, was commanded to serve the Model Laundry as defendant, which was doing business at 1204 Ohio avenue, Wichita Falls, Tex., to answer the suit of R. M. Aldridge; that the citation was served on R. H. Clark; and that the judgment was rendered against the Model Laundry as defendant.

The judgment by default was not void, and under this collateral attack, in our opinion, the hold'ng of Judge Greenwood, in Abilene Independent Telephone & Telegraph Co. v. Williams et al., 111 Tex. 102, 229 S. W. 847, is conclusive against appellant's contention.

[3] Appellant's assignment assailing as error the action of the court in admitting certain testimony is not tenable. The case was tried before the court without a jury, and the presumption is that he did not consider any inadmissible testimony in rendering his judgment.

The judgment is affirmed.