### COLE v. DYER HARDWARE CO.
No. 4317.

Court of Civil Appeals of Texas. Amarillo. Dec. 3, 1934.

A. Foy Curry, Jr., of Tulia, and Ray G. Cowsert, of Dimmitt, for appellant.

J. H. O'Neall, of Tulia, for appellee.

MARTIN, Justice.

Appellee sued appellant in justice court upon an open account in the sum of $103.48, and obtained judgment for $23.33 in the name of "Dyer Hardware Co." The case was appealed to county court, where a judgment was rendered against Cole for the full amount sued for in the name of the "Dyer Hardware & Furniture Company." The citation in justice court names the appellee thus: "Dyer Hardware & Furniture Co., owned and operated by S. B. Dyer." The verified account carries two designations of appellee, viz.: "Dyer's, Hardware, Furniture, Variety Goods," and "Dyer Hardware Company." No written pleadings of appellee appear in the record.

One of appellant's bills of exceptions shows in part that appellant "attacked the right of plaintiff to institute the cause as brought * * * without showing that Dyer Hardware Co. is and was a corporation, a natural person or a partnership, or that plaintiff concern was a legal entity," etc. This was apparently urged as a special exception to appellee's pleadings. This was overruled. A general demurrer was also overruled.

It is pointedly held in Texas, and repeatedly so outside this state, that an individual doing business under a trade-name may not bring suit and take judgment only in such trade-name. Davis v. Raney Auto Co. (Tex. Civ. App.) 249 S. W. 878; 32 Tex. Jur. pp. 8 and 9; 47 C. J. p. 19, and numerous authorities there cited. The courts of Georgia have often had this question before them. The Supreme Court of that state reviewed many of these in the case of Eslinger et al. v. Herndon, 158 Ga. 823, 124 S. E. 169, 900. We are not in agreement with every expression in the Texas case of Davis v. Raney Auto Co., supra. The Georgia cases in our opinion correctly state the rule with some of its limitations with much more accuracy than the Texas case cited above. These are inapplicable here, further than that they support our view that where, as here, a suit is brought and judgment obtained in a name not appearing affirmatively to be either a corporation, partnership, or natural person, a reversal will follow; the record showing that timely exception was taken. There must, of course, be a real plaintiff, not something with only a fictitional existence. A mere name can't sue.

The defendant is entitled to know the character of the legal entity that brings him into court. A case directly in point in its facts is that of Western & A. R. Co. v. Dalton Marble Works et al., 122 Ga. 774, 50 S. E. 978. Appellee relies upon the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 115 Tex. 149, 277 S. W. 1036, and others of like character, to sustain the action of the trial court. This case has no bearing upon the point at issue here. It merely construes the "assumed name" statute. In that case "G. M. Rhoades, C. E. Christie and C. Groves as members of the copartnership doing business under the name of Rhoades Drilling Company" brought suit. If the allegation here had been "S. B. Dyer, doing business under the name of the Dyer Hardware & Furniture Company," etc., the present question would have been eliminated.

■ It is further claimed that limitation shows from appellee's pleadings to have run against its cause of action. Such pleadings are not fully shown in the transcript or by any bill of exception, and we are not able to appraise this contention.

■ A bill of exception was taken to the exclusion of testimony. The bill does not set out all the excluded testimony. That part shown in the bill related to statements in a letter from appellee to the appellant's employer in substance that appellant owed appellee, and wouldn't pay. This portion was plainly inadmissible.

For the error discussed above, the judgment of the trial court is reversed and cause remanded.