## MILLER v. THOMASON SUPPLY CO.

### No. 3202.

Court of Civil Appeals of Texas. Beaumont.

June 24, 1937.

Pitts & Liles, of Conroe, for appellant.

Crawford & Crawford, of Conroe, for appellee.

WALKER, Chief Justice.

■■■ This suit was filed in county court of Montgomery county by "Thomason Supply Company, the trade name for a mercantile business owned and operated by J. W. Thomason, in Willis, Montgomery County, Texas," against W. T. · Miller, praying for judgment on a promissory note and to foreclose a chattel mortgage lien, fully described in the petition. The defendant answered by plea in abatement to the effect that the suit could not be prosecuted by J. W. Thomason in his trade-name "Thomason Supply Company," general demurrer, and general denial. The trial was to the court without a jury. After the court overruled the plea in abatement, to which ruling the defendant duly excepted, plaintiff offered in evidence the note and the chattel mortgage put in issue by his pleadings, and proof that he was operating his business under the "assumed name" of "Thomason Supply Company," and that in assuming that name, he had fully complied with the provisions of Article 5924, R.S. 1925: "No person shall conduct or transact business in this State under any assumed name or under any designation, name, style, corporate or otherwise other than the real name of each individual conducting or transacting such business, unless such person shall file in the office of the county clerk of the counties in which such person conducts, or transacts or intends to conduct or transact such business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true full name or names of each person conducting or transacting the same, with the post-office address of each. Said certificate shall be executed and duly acknowledged by the persons so conducting or intending to conduct said business in the manner provided for acknowledgment of conveyance of real estate." Defendant offered no testimony. Judgment was in plaintiff's favor for $366.03 and for foreclosure of the chattel mortgage lien as prayed for. Defendant has duly prosecuted his appeal to this court, and submits his appeal on two propositions.

Proposition No. 1: "The pleading and evidence having shown that the plaintiff in the trial court sued in a 'trade-name,' and being neither a natural or artificial person the court erred in overruling the Plea in Abatement of the Defendant."

Proposition No. 2: "The pleading and evidence having shown that the plaintiff in the trial court sued in a 'trade-name,' and being neither a natural or artificial person, the court erred in rendering a judgment in such 'trade-name.'"

These propositions are without merit; on the very point presented, speaking for the Amarillo Court of Civil Appeals in Clark v. First Nat. Bank, 5 · S.W.(2d) 822, 823, Judge Jackson said: "A party doing business under an assumed name, where he has complied with the statute, could sue or be sued by such assumed or trade name. Jones v. S. G. Davis Motor Car Co. (Tex.Civ.App.) 224 S.W. 701; Freeman on Judgments, vol. 1, p. 903; Martin v. Hemphill (Tex.Com.App.) 237 S.W. 550, 20 A.L.R. 984." In Martin v. Hemphill by the Commission of Appeals, opinion expressly approved by the Supreme Court, Judge Powell quoted with approval the following proposition from 29 Cyc. 270 (45 C.J. 376). "Without abandoning his real name a person may adopt any name, style or signature wholly different from his own name by which he may transact business, execute contracts, issue negotiable paper and sue or be sued. Such assumed or fictitious name may be either a purely artificial name or a name that is or may be applied to natural persons." On authority of the cases cited, there was no merit in the plea of abatement, and appellant's propositions are overruled.

The cases cited by appellant did not involve a construction of article 5924 on the point in issue. Frank v. Tatum, 87 Tex. 204, 25 S.W. 409, and Houston & T. C. Ry. Co. v. Corsicana Fruit Co. (Tex.Civ.App.) 170 S.W. 849, 851, were decided before the enactment of that article in 1921. In Pure Oil Co. v. Walsh-Woldert Motor Co. (Tex. Civ.App.) 36 S.W.(2d) 802, 805, Judge Levy writing the opinion said: "The facts show that A. C. Webster did not comply with the assumed name statute of the state." In Davis v. Raney Auto Co. (Tex.Civ.App.) 249 S.W. 878, Judge Hodges writing the opinion said: "The judgment appealed from is based upon a claim for damages asserted by Marshall Raney, who was doing business under the trade-name of Raney Auto Company. The peti-

tion was filed in the name of Raney Auto Company, without otherwise designating the plaintiff." Not only was the cited article not in issue, but the petition did not disclose the true name of the plaintiff; the petition in the case at bar declared that "Thomason Supply Company" was merely the trade-name of J. W. Thomason. Cole v. Dyer Hardware Co. (Tex.Civ.App.) 77 S.W.(2d) 286, 287, is appellant's principal case. The opinion in that case was by the Amarillo Court of Civil Appeals, the same court that handed down the opinion in Clark v. First Nat. Bank, supra. In the Cole Case there is no statement that article 5924 was in issue on the point before us, nor is there any mention by Judge Martin, who wrote the opinion, that his court was overruling, limiting, or modifying in any way its opinion in Clark v. First Nat. Bank; Judge Martin simply held that "the defendant is entitled to know the character of the legal entity that brings him into court." The plaintiff's petition in the case at bar supplied the information called for by Judge Martin's proposition.

Judgment of the lower court is affirmed.