COY DILLARD ET AL V. EDWARD W. SMITH, CHIEF JUSTICE ET AL.

No. A-1298. Decided October 29, 1947.
Rehearing overruled November 26, 1947.
(205 S. W., 2d Series, 366.)

228

*Scott, Wilson & Cureton* and *Frank M. Wilson,* all of Waco, for relators.

*D. F. Davis* and *Tom H. King,* both of San Antonio, for respondent, Rusin.

MR. JUSTICE HART delivered the opinion of the Court.

Thomas J. Rusin filed a petition in the district court of Bexar County seeking damages arising out of an automobile collision. The style of the case, as set out in the caption of the petition, is "Thomas J. Rusin v. J. A. and E. D. Transport Co." In the body of the petition, the parties to the suit are named and described as follows:

"Now comes Thomas J. Rusin, a resident of Bexar County, Texas, hereinafter called plaintiff, complaining of Coy Dillard, and Edna Dillard, his wife, residents of Edwards County, Texas, operating and doing business under the trade name of J. A. and E. D. Transport Co., hereinafter called defendants, * * *."

There are no further allegations in the petition naming the defendants or describing their manner of conducting business. The prayer of the petition is simply that "defendants" be cited to appear and answer and that plaintiff have judgment against "defendants."

In due time, a plea of privilege was filed in which the style of the case was given as "Thomas J. Rusin v. J. A. and E. D. Transport Company." This plea began as follows:

"Come now the defendants and each of them, including Coy Dillard and Edna Dillard, and file this their pleas of privilege * * *."

No mention was made in the plea of privilege of J. A. and E. D. Transport Company, except in the caption. It was alleged that "each of such defendants" was a resident of Edwards County, Texas.

Upon the hearing of the plea of privilege it was proved by the plaintiff that a truck bearing the name of "J. A. and E. D. Transport Company" ran into the rear of the plaintiff's automobile. No proof was offered to show that the defendants, Coy Dillard and Edna Dillard, were in fact doing business under the name of J. A. and E. D. Transport Company, or that they owned the truck involved in the collision. The district court, upon jury findings of negligence and proximate causation, overruled the plea of privilege. Upon appeal by the defendants, the judgment of the district court was affirmed by the Court of Civil Appeals. 202 S. W. (2d) 693. Appellants in the Court of Civil Appeals then filed a motion for rehearing and a motion to certify questions to this Court. These motions were overruled by the Court

230

of Civil Appeals. 202 S. W. (2d) (693) 700. Coy Dillard and Edna Dillard within proper time filed their petition in this Court for a writ of mandamus to compel the Court of Civil Appeals to certify questions of law. Rules 462, 465, 475, Texas Rules of Civil Procedure.

The first four questions on which petitioners seek to compel certification relate to the holding of the Court of Civil Appeals that it was not necessary for the plaintiff, in the hearing on the plea of privilege, to prove that Coy Dillard and Edna Dillard operated and did business under the trade name of J. A. and E. D. Transport Company. The effect of the holding of the Court of Civil Appeals is that under Rule 28, Texas Rules of Civil Procedure, J. A. and E. D. Transport Company is a legal entity and is to be considered as a party, separate from the individuals who are alleged to operate it; that such entity can have a residence only where the owners or operators of the business reside; and therefore that "the plea, if valid as to the transport company must be construed as asserting that the transport company resides in Edwards County, because Coy Dillard and Edna Dillard reside in said county and are the owners thereof." The Court of Civil Appeals concluded that the plaintiff was not required to prove that Coy Dillard and Edna Dillard in fact owned or operated the transport company.

■■ We think that the Court of Civil Appeals erred in this conclusion. In the present case we do not think that "J. A. and E. D. Transport Company" is properly to be considered as an entity apart from the individuals who are named as defendants. There is no allegation that the business is a partnership. As a matter of law, the petitioner Edna Dillard, a married woman, could not be a member of a partnership unless her disabilities of coverture had been removed. Miller v. Mark & Kemper, 65 Texas 131; Smith v. Bailey, 66 Texas 553, 1 S. W. 627; Wright v. State, 71 S. W. (2d) 352, 353. It is merely alleged in the petition here that Coy Dillard and Edna Dillard operate and do business under the trade name of J. A. and E. D. Transport Company. We think that under the allegations in this case the only defendants are Coy Dillard and Edna Dillard, and that "J. A. and E. D. Transport Company" is merely the name of the business which the defendants are alleged to have been operating.

■ The scope of Rule 28 is purely procedural. In so far as it applies to persons operating a business under an assumed name, it permits such persons to be made parties under the assumed or common name as well as under their individual names. Under

a majority of the opinions of the Courts of Civil Appeals prior to the adoption of this rule, a person could not be sued under a trade name or assumed name; it was necessary that such person be sued under his individual name. Davis v. Raney Auto Co., 249 S. W. 878; Pure Oil Co. v. Walsh-Woldert Motor Co., 36 S. W. (2d) 802 (writ of error dismissed); Cole v. Dyer Hardware Co., 77 S. W. (2d) 286; contra, Clark v. First National Bank, 5 S. W. (2d) 822; Stinson v. King, 83 S. W. (2d) 398 (writ of error dismissed); compare, Jones v. S. G. Davis Motor Co., 224 S. W. 701 (writ of error dismissed); Presley v. Wilson, 125 S. W. (2d) 654. To illustrate, under Rule 28 it is proper to sue in the name of "Dyer Hardware & Furniture Co., owned by S. B. Dyer," instead of suing in the name of "S. B. Dyer, doing business under the name of Dyer Hardware & Furniture Co." as was required in Cole v. Dyer Hardware Co., supra. Rule 28 was not intended to change the substantive rights of the owners of a business operated under an assumed name. The effect of the rule is simply that such owners may now be sued under the trade or assumed name of the business as well as in their individual names.

■■ By filing the plea of privilege the defendants, Coy Dillard and Edna Dillard, did not admit that they in fact operate and do business under the trade name of J. A. and E. D. Transport Company. Such admission is not expressly made in the plea and we do not think that it should be implied. It is true, as the Court of Civil Appeals holds, that the business does not have a residence separate from its owners. However, it is also true that only the residence of the individual defendants is material on the plea of privilege. The defendants have made all of the necessary allegations in their plea of privilege under the requirements of Rule 86, and it was not necessary for them in the plea to deny that they operated and did business under the name of J. A. and E. D. Transport Company. To maintain venue in Bexar County it was necessary for the plaintiff to connect the individual defendants with the truck involved in the collision and an essential link in the chain of connection was proof that the defendants in fact own or operate the business of J. A. and E. D. Transport Company, whose name appeared on the truck. It appears from the opinion of the Court of Civil Appeals, and it is not controverted here, that the plaintiff in the district court failed to produce any evidence showing that the defendants owned or operated the transport company. The plaintiff therefore failed to establish an essential element of his case. The holding of the Court of Civil Appeals to the contrary is in conflict with the opinions of this Court

and of Courts of Civil Appeals in which it has been held that a plaintiff, in order to maintain venue in the county where a collision occurs, under Section 9 of Article 1995, must prove all essential elements of a trespass, including the facts showing the connection between the defendants and the alleged trespass. Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062; City of Mineral Wells v. McDonald, 141 Texas 113, 170 S. W. (2d) 466; Lyle v. Waddle, 144 Texas 90, 188 S. W. (2d) 770; Brown Express Co. v. Arnold, 138 Texas 70, 157 S. W. (2d) 138; Waco Cotton Oil Mill v. Walker, 103 S. W. (2d) 1071; Eiderman v. Hansen, 285 S. W. 847.

In view of our holdings as set out above, it becomes unecessary to pass upon the other questions presented by the petition.

Under Rule 475, as amended, the Court of Civil Appeals is directed to conform its ruling and decision to our holding herein.

Opinion delivered October 29, 1947.

Rehearing overruled November 26, 1947.