**ALLIED FINANCE COMPANY, Appellant,**

v.

**Edward MEYER, Appellee.**

**No. 14195.**

Court of Civil Appeals of Texas.

Houston.

Oct. 17, 1963.

Smith, Arkansas, a foreign corporation, W. T. Follis and Allied Finance Company. He alleged that the Bank, acting through its agents, W. T. Follis and Allied Finance Company, converted personal property belonging to him.

Merchants National Bank was dismissed from the suit. Allied Finance Company filed its plea of privilege, and a controverting plea was filed alleging that a crime or trespass was committed in Harris County and that venue is proper in Harris County by reason of Section 9 of Article 1995, Vernon's Ann.Revised Civil Statutes of Texas. It was also alleged that venue was properly maintained in Harris County by reason of Section 29a of Article 1995.

The only testimony produced at the hearing on the plea of privilege was that of appellee. Certain equipment owned by him was on a truck belonging to Roy Hamilton when it was repossessed on October 1, 1962, from a job site in Harris County. On the 3rd or 4th of October he recovered his property at the place "where Mr. Follis keeps the repossessed cars." He testified that he was sent out there by a man at the Allied Finance Company office in Palms Center. He didn't see the man that took the truck. He didn't know anybody connected with the Merchants National Bank of Fort Smith, Arkansas.

■ There is nothing in the evidence to indicate that Allied Finance Company had appellee's equipment in its possession at any time. Neither is there any testimony from which an inference could be drawn that Mr. Follis is an agent or employee of Allied Finance Company. Assuming that the evidence shows that a crime or trespass has been committed in Harris County, Texas, there is no evidence that Allied Finance Company participated as a principal, accomplice, or accessory therein, or that the offense was committed by its agent or representative in the course of his employment. Such proof is necessary if venue as to Allied Finance Company is to be retained in Harris County under Subd. 9 of Art. 1995.

Locke, Purnell, Boren, Laney & Neely, John D. Crawford, Dallas, for appellant.

Jerome Pope, George Donalson, Houston, for appellee.

COLEMAN, Justice.

This is an appeal by Allied Finance Company from an order overruling its plea of privilege.

Appellee, Edward Meyer, brought suit against Merchants National Bank of Fort

McDonald, Texas Civil Practice, Vol. 1, Sec. 4.16, p. 359; Brown Express, Inc. v. Arnold, 138 Tex. 70, 157 S.W.2d 138, opinion adopted; Dillard et al. v. Smith, 146 Tex. 227, 205 S.W.2d 366.

Since the pleadings and evidence fail to show that Allied Finance Company is a necessary party to this action, the order of the trial court cannot be sustained under Subd. 29a of Art. 1995. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758; Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107.

In addition it appears that Mr. Follis is a resident of Harris County, in which event Subd. 29a is not applicable. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; White v. Gamblin, Tex.Civ.App., 203 S.W. 2d 1014.

The judgment of the trial court is reversed and the case is remanded to the trial court with instructions that it be transferred to a District Court of Dallas County, Texas, for trial on the merits.