**Affirmed and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01016-CV

---

**SYLVIA DOUGLAS, Appellant**

**V.**

**KPH CONSOLIDATION, INC. D/B/A KINGWOOD MEDICAL CENTER, Appellee**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2012-12535A**

---

## M E M O R A N D U M   O P I N I O N

In this medical-negligence case, appellant Sylvia Douglas challenges the summary judgment granted to defendant KPH Consolidation, Inc. on limitations grounds. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 29, 2012, Douglas sued Kingwood Medical Center, Ltd. ("the

Limited Partnership") and other defendants for medical negligence in connection with the care she received at a health care facility between December 23, 2009 and December 31, 2009. Although she omitted the word "Ltd." from the Limited Partnership's name in the caption of the case, she did not allege that any entity used the assumed name of "Kingwood Medical Center." She correctly identified the Limited Partnership's registered agent as Richard Covert and stated that the Limited Partnership could be served with citation at the agent's address in Flower Mound, Texas "or wherever else Defendant may be found." The citation was issued to "Kingwood Medical Center Ltd.," and according to the return of service, the citation was executed on March 1, 2012 at 22999 U.S. Hwy 59, Kingwood, Texas, 77339 "by delivering to Kingwood Medical Center Ltd, by delivering to its chief operating officer in person, whose name is Megan Marietta," the citation, original petition, and requests for disclosure.

On April 9, 2012, Douglas filed an amended petition in which she dropped the Limited Partnership from the suit and added as a defendant appellee KPH Consolidation, Inc. d/b/a Kingwood Medical Center.[1] She stated that this defendant could be served through its registered agent CT Corporation System in Dallas, Texas. KPH was served and in its answer, it pleaded the affirmative defense that the suit was time-barred.

KPH moved for traditional summary judgment on its limitations defense and produced evidence of the following facts:

- KPH is a corporation formed in 1995 and is wholly owned by Houston Heathcare Holdings, Inc.

- Since at least 2000, KPH has been registered to do business under the

---

[1] In her amended petition, Douglas did not change the style of the case.

2

assumed name of "Kingwood Medical Center."

- KPH's principal place of business is in Kingwood, Texas; its principal office is in Nashville, Tennessee; and its registered agent is CT Corporation System in Dallas, Texas.

- Kingwood Medical Center, Ltd., on the other hand, is a limited partnership formed in 2010. Its general partner, ECC Management, LLC, was organized in 2004.

- Unlike KPH, the principal place of business of the Limited Partnership and of its general partner is in Flower Mound, Texas. The Limited Partnership's registered agent is Richard Covert in Flower Mound, Texas.

- KPH and the Limited Partnership's general partner have no officers or directors in common.

In her summary-judgment response, Douglas admitted that KPH registered its assumed name ten years before the Limited Partnership filed its certificate of formation, and she did not deny that the Limited Partnership is a distinct entity that is independent of KPH. She argued simply that it would be inequitable to sustain KPH's limitations defense because (a) KPH had notice of her claim before the suit was filed; (b) Megan Marietta, KPH's chief operating officer was "served" at the correct business address for KPH; and (c) KPH has not been harmed by the delay.

The trial court granted KPH's motion, and Douglas appealed. In the sole issue presented, she contends that the trial court erred in granting KPH summary judgment based on limitations.

## II. STANDARD OF REVIEW

We review de novo the trial court's grant of a summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam)

3

(citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)). We sustain a summary judgment when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Evidence is conclusive only if reasonable people could not differ in their conclusions. *Id.* The evidence is insufficient if "it is 'so weak as to do no more than create a mere surmise or suspicion'" that the challenged fact exists. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (quoting *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)).

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The movant is entitled to summary judgment only if it conclusively establishes every essential element of its claim or defense as a matter of law. *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

On appeal, the summary-judgment movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Rhone Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

### III. ANALYSIS

There is no dispute about the limitations period governing this case. A health-care liability claim is subject to a statute of limitations' period of two years. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251 (West 2011). If, at least sixty days before filing suit, the claimant gives the health-care provider written notice of the claim by certified mail, return receipt requested, then the statute of limitations is tolled for seventy-five days after the notice was given. *Id.* § 74.051(c).

There also is no dispute about the relevant facts. In its summary-judgment motion, KPH stated that even if written notice of the suit was timely given, Douglas had to file suit within two years and seventy-five days from the date of the last alleged tort. Douglas first named KPH as a defendant in her amended petition, filed two years and ninety-nine days after the last alleged tort. At no time prior to that did she name KPH as a defendant or assert that she was suing an entity with the assumed name of "Kingwood Medical Center."

The parties also agree that the law recognizes a distinction between "misnomer" and "misidentification." If the plaintiff merely misnames the correct defendant, the mistake is characterized as a misnomer. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). In instances of misnomer, the limitations period is tolled and a subsequent amendment of the petition relates back to the date of the original petition. *Id.* at 4–5. On the other hand, if "the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant . . . , then the

5

plaintiff has sued the wrong party and limitations is not tolled." *Id.* at 5. An exception to this rule allows the statute of limitations to be equitably tolled even in misidentification cases "if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam) (citing *Chilkewitz v. Hyson, M.D., P.A.*, 22 S.W.3d 825, 830 (Tex. 1999)).

Douglas points out that Texas Rule of Civil Procedure 28 allows a partnership, association, corporation, or individual to sue or be sued under its assumed name, and that "Kingwood Medical Center" is KPH's assumed name. She therefore reasons that, but for the inclusion of the word "Ltd." in naming "Kingwood Medical Center, Ltd." as a defendant, she sued KPH in its assumed name; thus, she appears to imply that "Kingwood Medical Center, Ltd." is a misnomer for KPH's assumed name. Douglas additionally argues that even if this is a case of misidentification, limitations should be equitably tolled because (a) KPH and the Limited Partnership have the same name, (b) KPH received timely notice of the suit and was served with process, and (c) KPH was not harmed by the delay.

But the defendant named in Douglas's original petition is not "Kingwood Medical Center"; it is "Kingwood Medical Center, Ltd.," which is not KPH's assumed name but instead is the name of an unrelated entity.[2] Because "Kingwood

---

[2] This is true even though Douglas omitted the word "Ltd." from the case style in the petition's caption. The identity of the parties is determined from the substance of the matter, even though that identity may not be accurately reflected by the style of the case. *See, e.g.*, *Sutherland v. Spencer*, 376 S.W.3d 752, 753 n.1 (Tex. 2012) (correcting the style of the case identifying a party as "Jesse Garza" where the party was referred to "Jesus De La Garza" in briefing and in an affidavit in the trial court); *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573, 574 (Tex. 2006) (per curiam) (holding that partial omission of defendant's name from the style of the case in the citation was not grounds for setting aside a default

6

Medical Center, Ltd." is not KPH's assumed name and there is no evidence that KPH does business under that name, Texas Rule of Civil Procedure 28 does not apply. *Cf. Chilkewitz*, 22 S.W.3d at 829 (because there was some evidence that the professional association Morton Hyson, M.D., P.A. did business under the name of the individual Morton Hyson, M.D., the trial court did not err in concluding that a suit naming the individual as a defendant was a suit against the professional association in its assumed name). Douglas did not simply misname the correct party; she sued and requested service on a different, unrelated entity.

We also disagree with Douglas's assertion that KPH had actual notice of the suit because it was "served" with the original petition and citation when those materials were received by KPH's chief operating officer at KPH's principal place of business. Not only did that citation and petition concern the Limited Partnership—a different entity that has not been shown to have any connection to KPH—but there is no evidence that KPH's chief operating officer was an authorized agent for service of process. *Cf.* TEX. BUS. ORGS. CODE ANN. § 5.201 (West 2012) (an entity's registered agent is an agent for service of process); *id.* § 5.255(1) (the president and each vice president of a corporation is an agent for service of process). The summary-judgment evidence instead established that KPH's chief operating officer was not its registered agent, president, or vice president. Thus, it cannot be said the original petition and citation were "served" on KPH.

judgment where the citation was correctly addressed to the defendant, the defendant's registered agent received the suit papers, and the defendant did not assert that it was misled into failing to answer); *Enserch Corp.*, 794 S.W.2d at 5–6 (wrong defendant was named in the style of the case, but the correct defendant was correctly identified in the body of the petition and there was a business relationship between the two ); *Dillard v. Smith*, 205 S.W.2d 366, 366–67 (Tex. 1947) (where the defendant named in the case caption was "J.A. and E.D. Transport Company" but the defendants named in the body of the petition were "Coy Dillard and Edna Dillard . . . doing business under the trade name of J.A. and E.D. Transport Co.," the court held that the only defendants were the Dillards; the company was not a separate defendant).

We conclude that in her original petition, Douglas did not sue KPH in its assumed name or under a misnomer; she simply sued the wrong entity. Because that entity is unrelated to KPH, and KPH was first sued and served after the statute of limitations expired, the trial court did not err in granting KPH's motion for summary judgment. We accordingly overrule the sole issue presented.

## IV. CONCLUSION

Because KPH met its burden to establish that Douglas's suit was time-barred, we affirm the trial court's judgment.

/s/    Tracy Christopher
               Justice

Panel consists of Justices Christopher, Donovan, and Brown.

8