on the ground that it was filed too late to be considered.

The motion is sustained. The points raised by fundamental error are of considerable importance, which appellee has not had an opportunity to answer.

As there are no briefs by either party, the appeal is dismissed for want of prosecution. Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.(2d) 811.

## STERLING MUT. LIFE INS. CO. v. LARSON.

No. 4682.

## HEBERT UNDERTAKING CO. v. OZEN.

No. 3027.

Court of Civil Appeals of Texas. Beaumont.

Dec. 17, 1936.

Court of Civil Appeals of Texas. Amarillo.

Nov. 9, 1936.

Rehearing Denied Jan. 4, 1937.

J. T. Scott, Jr., of Houston, and G. H. Miller, of Columbus, for appellant.

Emanuel Roos and Harry D. Larson, both of Eagle Lake, for appellee.

HALL, Chief Justice.

Larson sued the insurance company to recover $400 which he alleged his wife, Nellis Larson, paid to the defendant as follows: $200 on July 19, 1930, and $200 on March 21, 1932, for which she received from the defendant a certificate of indebtedness in the principal sum of $200, which he alleged was worthless. He further alleged that the $400 was the community property of himself and wife, and was paid without his consent; that he has never ratified or approved such payment, and has often requested the defendant company to redeem the certificates of indebtedness, which it has failed and refused to do, by reason of which fact defendant is indebted to him in the sum of $400, with 6 per cent. interest from the date of the respective payments.

In the alternative, he alleged that on September 19, 1930, L. A. Miller, defendant's agent, wrongfully and fraudulently represented to his wife, in Colorado county, with the intent and purpose of inducing her to pay defendant the sum of $200, that defendant was then organizing a life insurance company and soliciting subscriptions of $200 each from its policyholders for its capital stock, and that said stock would be issued for the money paid; that she believed Miller's statements were true, and relying thereon paid to the defendant the sum of $200; that on March 21, 1932, said Miller, while acting as agent for defendant, wrongfully and fraudulently represented to plaintiff's wife, in Colorado county, with the intent and design of inducing her to pay to defendant the sum of $200 in money, that defendant was then organizing a life insurance company and soliciting subscriptions of $200 each from its policyholders for more capital stock, and that defendant would issue the stock for the money paid as soon as Miller returned to his office; that his wife did not know that said representations were untrue, and had no way of ascertaining the falsity thereof; that she believed they were true, and relying thereon again paid to the defendant the sum of $200 in money; that defendant confirmed the misrepresentations, and that if his wife had known that they were not true, she would not have made said payments; that the money so paid was the community property of himself and wife, and defendant issued "certificates of indebtedness" of said company to his wife in the sum of $400; that said certificates were worthless; that on July 5, 1935, plaintiff discovered that said representations were false and untrue, and tendered said certificates to defendant, demanding that it redeem same, which defendant failed and refused to do. The certificates were tendered into court by plaintiff, who prayed that the contract which defendant had made with his wife be set aside, and that he have judgment for $400, with interest as aforesaid.

In due time the defendant company filed its plea of privilege in proper form, alleging that it was a corporation, that its domicil was in Harris county, and praying that the suit be transferred to the county court at law No. 1 of Harris county.

On November 1, 1935, the plaintiff filed his controverting affidavit in due form, stating that the county court of Colorado county had venue of the suit under exception 23 of article 1995, R.S., because the contract was made in said county and a part thereof arose in said county. Plaintiff further prayed that because there was a fraud perpetrated upon his wife in Colorado county, within the meaning of R.S.,

article 1995, subd. 7, as amended (Vernon's Ann.Civ.St. art. 1995, subd. 7), that the county court of Colorado county should retain jurisdiction.

The case was tried on the plea of privilege and controverting affidavit. Judgment was entered overruling the plea of privilege, from which this appeal was prosecuted to the First Court of Civil Appeals at Galveston, and by order of the Supreme Court transferred to this court.

The judgment recites in part that the defendant is a private corporation, duly incorporated under and by virtue of the laws of the State of Texas, and in such capacity made a contract, namely, being a corporation, in Colorado county, Tex., so that the cause of action, or a part thereof, as alleged in plaintiff's first amended original petition, arose in Colorado county, Tex., within the meaning of exception 23 to article 1995 of the Revised Statutes, 1925, of the State of Texas.

After the record was filed with the clerk of the Galveston Court of Civil Appeals, and the order transferring the case had been made, on September 17, 1936, counsel for both parties filed this stipulation in this court:

"To the Honorable Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, at Amarillo, Texas,

"Gentlemen:

"In order to relieve any ambiguity in paragraph 1 of the judgment in this cause, as the same appears on page 20 of the transcript in this suit, it is agreed by the attorneys for the appellant and appellee that the appellant, the defendant in the court below, was at no time domiciled in Colorado County, Texas, but that the said appellant at the time of the institution of this suit was a corporation with its principal office and place of business in Harris County, Texas."

This stipulation cannot be considered. If the judgment is erroneous and is subject to amendment in any way, it must be done in the trial court under the provisions of Revised Statutes, arts. 2228, 2229 or 2230. The judgment was rendered by the county judge, and he has not approved or signed the stipulation. This court has no authority to make the amendment, and the stipulation will not be considered.

The burden rests on the plaintiff in cases of this character to prove a prima facie cause of action for fraud committed in the county where the suit was filed. This should ordinarily be done by producing proof of the existence of all the elements of actual fraud perpetrated in such county. But it is held that it is not necessary for either party to introduce all the testimony on the merits of the case. The requirements of the statute are met when there is sufficient evidence on the hearing to make a prima facie case, or to show a substantial controversy over the question of alleged fraud. The plaintiff is required merely to show that a transaction which might constitute an actionable fraud occurred in the county of venue; the question whether the plaintiff sustained an injury, and the extent of the injury, are matters to be determined on the trial on the merits. 20 Tex.Jur. 131, § 88.

We have reviewed the statement of facts, and the proof is sufficient to show a prima facie case of fraud committed in Colorado county, and more—if true, the testimony shows that plaintiff has sustained an injury, and the extent of it.

When Mrs. Larson was upon the stand, she was asked from what source she obtained the money with which she assigned "this allotment for stock on March 2, 1932." The question was objected to, and the objection sustained. It appears from the briefs that defendant contended that the husband was not entitled to recover the amount. This suit is not for damages, but is an effort to rescind a contract on the ground of fraud and recover the amount paid. It was not necessary for the court to go into the question of the right of Larson to recover. If under the provisions of the statute, article 2010, the plaintiff was not entitled to recover in the capacity in which he sued, that question could be raised only by a plea in abatement filed in due course of pleading. The issue was not raised in the trial court, except by an offer of proof and the action of the court in sustaining the objection to the question.

We are also of the opinion that the facts are sufficient to sustain the court's ruling under R.S., art. 1995, subd. 23.

We find no reversible error in the record, and the judgment is affirmed.