**John W. HOOVER, Appellant,**

v.

**J. G. BARKER et al., Appellees.**

**No. 11877.**

Court of Civil Appeals of Texas, Austin.

Jan. 26, 1972.

Rehearing Denied Feb. 16, 1972.

J. J. Byrne, Lynch, Nored, Martin & Millican, Alvin Nored, Lampasas, for appellees.

SHANNON, Justice.

This is an appeal from an order overruling appellant's plea of privilege and pertains to Article 1995, Section 4 and Section 29a, Vernon's Ann.Texas Revised Civil Statutes.

Appellees, J. G. Barker and Glenn F. Barker filed suit in the district court of Lampasas County to recover for labor and materials furnished to CTC, Inc., in connection with the construction of some houses in Lampasas. Appellees sued six defendants, three of whom were alleged to be residents of Lampasas County, Kenneth L. Tucker, CTC, Inc., and Lampasas County Abstract Co., Inc., while the other defendants, Clyde C. Castleberry, John W. Hoover, and Hoover Builders Supply Co., Inc., were alleged to be residents of Burnet County. Appellant, John W. Hoover, filed his plea of privilege to be sued in Burnet County.

Appellees alleged that the labor and materials had been furnished to CTC, Inc., and that Castleberry was a principal stockholder and that Tucker was president of the corporation. Appellees pleaded further that CTC, Inc., ceased to exist because its failure to pay its "corporate charter fee" and that before its charter was cancelled, CTC, Inc. transferred all of its assets to John W. Hoover and Hoover Builders Supply Co., Inc. Finally, appellees pleaded that they had requested payment from each of the defendants, but that each had refused.

In their controverting plea, appellees pleaded that Sections 4 and 29a of Article 1995 were applicable as exceptions to the general venue rule.

Taylor and Pratt, Billie J. Pratt, Burnet, for appellant.

Appellant's brief contains but one general point of error.[1]

1. This case should be reversed because the court erred in overruling this defendant's plea of privilege.

■ Section 29a of Article 1995 is not available since it is applicable only when no defendant resides in the county of suit. Tarrant v. Walker, 140 Tex. 249, 166 S.W. 2d 900 (1943), I McDonald, Texas Civil Practice, 432 Venue, § 4.10.1 (Rev.Ed. 1965).

Section 4 of Article 1995 provides in part:

"4. Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides . . ."

■ Under Section 4 the venue facts to be established are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the suit against the resident defendant; and (3) the plaintiff has a *bona fide* claim against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936), I McDonald, Texas Civil Practice, 434 Venue, § 4.10.2 (Rev.Ed.1965).

■ Appellees' proof of the venue facts under Section 4, while spare, is sufficient. There was no proof of the residence of defendants Kenneth L. Tucker or Lampasas County Abstract Co., Inc., but witness Charles W. Lynch testified that defendant CTC, Inc., was a resident of Lampasas County. It should be observed here that while appellees pleaded that CTC, Inc., ceased to exist because of its failure to pay its "corporate charter fee," and that its charter had been cancelled, Article 7.12, Texas Business Corporation Act, V.A.T.S., provides that the dissolution of a corporation under the there enumerated situations does " . . . not take away or impair any remedy . . . against such corporation . . . for . . . any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within three years after the date of such dissolution."

■ By reference to the allegations of the petition, as is proper, Stockyards Nat. Bank v. Maples, *supra,* and to the statement of facts we hold that appellees showed Hoover to be a proper party to the suit. Appellees pleaded that CTC, Inc., transferred all of the assets to Hoover and Hoover Builders Supply Co., Inc. Appellee J. G. Barker testified that John W. Hoover or "Hoover's Building and Supply Company" had "bought out" Castleberry's interest in CTC, Inc., and that "he" had assumed the debts of CTC, Inc. Witness Lynch testified that Hoover became the sole owner or at least "ninety percent owner" of CTC, Inc. Lynch also testified that all of the assets were transferred, presumably to Hoover. Lynch's testimony continued, " . . . Mr. Hoover very definitely was involved throughout the whole matter, either as individually (sic) or as president of CTC, Inc., or a major stockholder, or as president of Hoover Building and Supply."

With respect to the third venue fact, appellee J. G. Barker testified that appellees performed certain jobs for CTC, Inc., and that CTC, Inc., accepted the work and materials. Barker testified further that a balance of $2,333.59 was due and owing them on the account with CTC, Inc., and that his demand for payment had been refused a number of times.

The judgment is affirmed.

Affirmed.