**Rupert DUFF, Appellant,**

v.

**The AUSTIN NATIONAL BANK, Independent Executor of the Estate of J. Warren Jackson, Deceased, Appellee.**

**No. 12307.**

Court of Civil Appeals of Texas, Austin.

July 16, 1975.

1. *Sobel v. Jenkins*, 477 S.W.2d 863 (Tex. 1972); *Commercial Standard Insurance Co. v. Allred*, 413 S.W.2d 910 (Tex.1967).

Richard D. Woods, II, Nicholas & Barrera, San Antonio, for appellant.

John C. Miller, Austin, John Carl Stromberger, San Antonio, for appellee.

PHILLIPS, Justice.

This is a plea of privilege case wherein appellant has perfected his appeal to this Court from an order of the district court in Travis County overruling his plea of privilege to have his suit transferred to Bexar County. We reverse the judgment of the trial court and order the case transferred to Bexar County.

We sustain appellant's point that the trial court erred in its conclusions of law based upon the findings of fact that appellee proved a cause of action against the Texas Highway Department because there is no competent evidence to support the court's finding that the appellant cannot respond in damages should the plaintiff be successful in procuring a money judgment against him.

Appellant purchased a pickup truck from one Jackson for $3,700, paid $500 down with the balance to be financed. Title to the pickup was then assigned to appellant. Jackson then died and appellee qualified as independent executor of Jackson's estate. Subsequently, appellant pledged the vehicle as security on a loan with the Frost National Bank of San Antonio and a new application for certificate of title showing the bank as first lien holder was filed.

Thereafter, appellee filed suit against appellant on behalf of the Jackson estate for the purchase money or the return of the vehicle. Appellee also joined the Texas Highway Department in the suit and asked the court to issue a temporary restraining order and, subsequently, a temporary injunction, against the Highway Department restraining it from issuing a new certificate of title showing the Frost National Bank's lien.

Appellee prevailed in the trial court under subdivision 4 of Article 1995, Vernon's Civil Statutes, which provides, in part, that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

The venue facts which must be proved under this subdivision are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is a proper party to the suit against the resident defendant; and (3) the plaintiff has a bona fide claim against the resident defendant.[1]

Appellee pleaded that unless the Texas Highway Department is restrained from issuing a corrected certificate of title to the vehicle in question, it would suffer immediate and irreparable injury since appellant is insolvent and under indictment for a serious crime. Appellee further alleged an inadequate remedy at law since appellant "is not now and would not be, at the termination of this suit, the owner of property, real or personal, sufficient to satisfy any judgment which plaintiff [appellee] might obtain against Duff [appellant]." No other allegations were pleaded which would constitute irreparable injury or inadequate remedy at law.

Appellant testified that he had $5,000 in a lockbox in the Frost National Bank and cattle worth $10,000 in south Texas. At the time appellee rested its case, there was no evidence whatsoever to dispute appellant's testimony or no other evidence of his insolvency or inability to respond in damages should a money judgment be entered against him.

Consequently, appellee failed to prove a bona fide claim against the resident defendant, Texas Highway Department, and has failed to bring his suit within the provisions of Sec. 4 of Article 1995, V.C.S.

The judgment of the trial court is hereby reversed and the cause is remanded with instructions that the case be transferred to a district court in Bexar County, Texas.

Reversed and remanded with instructions.

---

1. *Hoover v. Barker,* 476 S.W.2d 126 (Tex. Civ.App.1972, writ dism'd); *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (Tex.1936); McDonald, Texas Civil Practice, Venue, § 4.10.2 (Rev.Ed. 1965).