**Alan GUGENHEIM et al., Appellants,**

v.

**Manuel TREVINO, Appellee.**

**No. 15465.**

Court of Civil Appeals of Texas,
San Antonio.

Jan. 21, 1976.

Richie, Greenberg & Brackman, Houston, for appellants.

Roger T. Trevino, Pearsall, for appellee.

CADENA, Justice.

Defendants, Alan Gugenheim and David Askanase, appeal from an order of the District Court of Frio County overruling their pleas of privilege and refusing to transfer the cause to Harris County, the domiciliary county of both defendants.

Plaintiff, Manuel C. Trevino, filed this suit in Frio County to enforce payment on a draft. According to plaintiff's petition, his complaint was against "Alan Gugenheim and David Askanae [sic] D/B/A Bain Penut Company of San Antonio, defendants. . . ." After both defendants had filed

separate pleas of privilege, plaintiff filed his controverting affidavit, which incorporated by reference plaintiff's petition and alleged that such petition showed that the suit is "against a private association, to wit: Alan Gugenheim and David Askanase DBA Bain Peanut Company of San Antonio, Texas; . . . ." Plaintiff contended that the suit was maintainable in Frio County under the provisions of subdivision 23 of our venue statute, Article 1995, Tex.Rev.Civ.Stat. Ann. The controverting plea also alleged that the suit "is lawfully maintainable in Frio County as to Alan Gugenheim and therefore * * * this suit is properly maintainable against all of the Defendants" in Frio County under subdivision 29a of Article 1995.

Plaintiff has filed no brief in reply to defendants' brief.

█ Subdivision 23 provides that a suit against a private corporation, association or joint stock company to be brought "in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; . . . ."

Clearly, subdivision is applicable only where the suit is against a private corporation, association or joint stock company. Plaintiff's petition in this case identified the defendants as Alan Gugenheim and David Askanase, who are identified in the petition as doing business under the name of Bain Peanut Company. The petition does no more than allege that the two named defendants operate and do business under the trade name of Bain Peanut Company. Under the allegations of plaintiff's petition, the only defendants in this case are Alan Gugenheim and David Askanase. Assuming that Bain Peanut Company is a "private association" within the meaning of subdivision 23, that entity is not a party to the suit. The suit, therefore, is not a suit against a private association, and subdivi-

sion 23 is not applicable. *Dillard v. Smith,* 146 Tex. 227, 205 S.W.2d 366, 367 (1947).

█ We do not find any basis for maintaining venue in Frio County under subdivision 29a. Under that subdivision, whenever there are two or more defendants in any suit brought in any county and the suit is lawfully maintainable in such county under the provisions of Article 1995 as to any of such defendants, such suit may be maintained in such county against all necessary parties to the suit. In his controverting affidavit plaintiff alleged that since the suit is lawfully maintainable in Frio County as against Alan Gugenheim, it is lawfully maintainable in such county as against David Askanase. In order to maintain the suit against Askanase in Frio County, plaintiff must establish that Gugenheim was suable in such county under some exception found in Article 1995. 1 McDonald, Texas Civil Practice § 4.36, p. 544 (1965 rev.). We find nothing in the pleadings which would sustain venue in Frio County as against Gugenheim. Subdivision 29a is inapplicable.

The judgment of the trial court is reversed and the cause is remanded with instructions to transfer the cause to Harris County as provided in Rule 89, Tex.R.Civ.P.