Newton **SCHWARTZ** et al., Appellants,

v.

Everett A. **LOWE,** Appellee.

No. 7887.

Court of Civil Appeals of Texas, Beaumont.

Dec. 16, 1976.

Rehearing Denied Jan. 20, 1977.

Newton B. Schwartz, Houston, for appellants.

Edward Schwab, III, Galveston, for appellee.

KEITH, Justice.

Defendants below appeal from an order overruling their pleas of privilege to be sued in Harris and Ector Counties. We shall speak of the parties as they appeared in the trial court.

Plaintiff alleged breach of a contract to purchase land in Galveston County and sought to collect damages allegedly occasioned thereby.

Plaintiff sought to maintain venue in the county of suit under subdivision 23, Tex. Rev.Civ.Stat.Ann. art. 1995 (1964).

At the outset, we note two basic rules which govern our review of interlocutory venue appeals. First, every reasonable intendment must be indulged in favor of the action of the trial court. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319, 323 (1959). Second, the burden is on the plaintiff seeking to maintain venue as to an out of county resident to plead and prove that his case is within one or more of the venue exceptions set out in the statute. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97, 99 (1953); *Guerra v. Texas Employers Insurance Ass'n*, 480 S.W.2d 769, 772 (Tex.Civ. App.—Corpus Christi 1972, no writ).

Defendants contend that subdivision 23 of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964) is inapplicable in the case at bar since they were sued individually only and not as a partnership entity. We agree.

The pertinent provisions of subdivision 23 read as follows:

"Suits against a private corporation, association, or joint stock company may be brought in the county . . . in which the cause of action or part thereof arose."

As was said in *Gugenheim v. Trevino*, 532 S.W.2d 698, 699 (Tex.Civ.App.—San Antonio 1976, no writ):

"Clearly, subdivision [23] is applicable only where the suit is *against* a private corporation, association or joint stock company. Plaintiff's petition in this case identified the defendants as Alan Gugenheim and David Askanase, who are identified in the petition as doing business under the name of Bain Peanut Company. The petition does no more than allege that the two *named* defendants operate and do business under the trade name of Bain Peanut Company. Under the allegations of plaintiff's petition, the only defendants in this case are Alan Gugenheim and David Askanase. Assuming that Bain Peanut Company is a 'private association' within the meaning of subdivision 23, that entity is not a party to the suit. The suit, therefore, is not a suit against a private association, and subdivision 23 is not applicable. *Dillard v. Smith*, 146 Tex. 227, 205 S.W.2d 366, 367 (1947)." (Emphasis added.)

The style of the case in plaintiff's pleadings recites: "EVERETT A. LOWE, JR., Plaintiff v. NEWTON B. SCHWARTZ and PERRY D. DAVIS, JR., a partnership, Defendants." Paragraph II of the petition begins: "On or about July 4, 1969 Defendants (who were partners at all times material to this cause of action) contracted in writing . . . ." It is likewise significant that the opening sentence of plaintiff's petition states: "Comes now EVERETT A. LOWE, JR. complaining of NEWTON B. SCHWARTZ and PERRY D. DAVIS, JR.

. . ." No mention is made of any complaint against the partnership per se. Indeed, the descriptive phrases above noted constitute the only references made to the existence of same in either plaintiff's pleadings or his controverting affidavit.

Clearly, there is nothing in the record to show that the partnership itself was ever made a party to this suit. Both defendants filed separate answers and separate pleas of privilege in their individual capacities only.

Having failed to make defendants' partnership a party to the suit, plaintiff may not maintain venue in Galveston County under subdivision 23 of Tex.Rev.Civ.Stat. Ann. art. 1995 (1964). We, therefore, reverse the judgment of the trial court and remand the cause with instructions to transfer the case as to defendants Schwartz and Davis to Harris and Ector Counties, respectively.

REVERSED and REMANDED.

STEPHENSON, J., not participating.