**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY of Texas, Appellant,**

v.

**Susan G. BERNAL, Appellee.**

**No. 16793.**

Court of Civil Appeals of Texas, Houston (First Dist.).

Jan. 13, 1977.

Ramsey & Murray, John A. Murray, Jr., Houston, for appellant.

Casbeer Snell, Jr., Houston, for appellee.

PEDEN, Justice.

This is an appeal from an order overruling the defendant's plea of privilege. Mrs. Susan Bernal sued the appellant, Dairyland County Mutual Insurance Company of Texas, and defendants Mrs. Elizabeth Montes

and Benjamin Rodriguez, alleging that she sustained a personal injury and property damage when her car was struck from the rear while she was stopped at a red light. Mrs. Montes, the driver of the other car, and Rodriguez, its owner, are alleged to be uninsured motorists and Dairyland is alleged to be liable under the uninsured motorist provision in an insurance policy issued to the plaintiff.

The suit was filed in Harris County, where the accident occurred, and Dairyland filed its plea of privilege to be sued in the county of its residence, Travis County. The appellee filed a controverting affidavit contending that venue was proper in Harris County under Subdivisions 3, 4, 5, 9a, 23, 27, 28, 28a, and 29a, Article 1995, V.C.S. The trial court overruled Dairyland's plea of privilege after a non-jury hearing. Neither findings of fact nor conclusions of law were requested or filed.

Dairyland says the trial court erred in overruling its plea of privilege because the appellee failed to bring her cause of action within one or more of the statutory exceptions to the venue statute in that there was not proper or admissible proof by a preponderance of the evidence that the other driver was a resident of Harris County or of the existence of a cause of action against either a resident defendant or against Dairyland. We affirm.

■ The necessary venue facts under Subdivision 4 of Article 1995 are: 1) one defendant resides in the county of suit (this fact must be established by affirmative evidence); 2) the party asserting his privilege is at least a proper party to the claim against the resident defendant (this may be established by reference to the controverting affidavit and the petition to show the nature of the suit); 3) the plaintiff has a bona fide claim against the resident defendant (he must plead and prove by a preponderance of the evidence each element of this bona fide claim; it must be the same claim asserted in the controverting affidavit). 1 McDonald, Texas Civil Practice, 439–444, Venue, Sec. 4.10.2 (1965); *Atchison, Topeka and Santa Fe Railway Co. v.*

*Texas Employers' Insurance Association,* 531 S.W.2d 867 (Tex.Civ.App.1975, no writ).

We review the pertinent testimony of Mrs. Bernal, the plaintiff. She resides in Harris County. On August 4, 1974, she had stopped for a red light at an intersection in Harris County and had been sitting there between thirty seconds and a minute when a car hit her from the rear. She talked to the other driver, who gave her name as Elizabeth Montes and her address as 3065 Golfcrest, Apartment 14. That address is in Harris County. Mrs. Bernal and her husband went there and found Mrs. Montes residing at that address. She told them Benjamin Rodriguez was the owner of the car she was driving and that he lived on Kernal Street in Houston. The Bernals did not go to his address; he came over to Mrs. Montes' address. Mrs. Bernal's car was damaged and she was injured in the accident. She has been to doctors and has incurred various expenses.

■ This testimony of Mrs. Bernal was not disputed, she was not cross-examined as to it, and it was presumably accepted by the trial judge. We hold that it establishes that defendant Mrs. Montes resides in Harris County and that the plaintiff has a bona fide claim against her. That Dairyland is at least a proper party to the claim against Mrs. Montes is shown by reference to the plaintiff's controverting affidavit and to her petition.

■ Dairyland cites *Williams v. Bain,* 332 S.W.2d 360 (Tex.Civ.App.1959, no writ), which holds that venue may not be maintained under Subdivision 4 when there is no resident defendant before the court. Dairyland asserts on appeal that Mrs. Montes, the only defendant possibly shown to be a resident of Harris County, was not before the court. The record before us is silent on the matter. We hold that it cannot be raised for the first time on appeal. The plaintiff should be given an opportunity in the trial court to show that a bona fide effort has been made to bring the resident defendant before the court or that he is before the court even if its records do not so indicate.

**48**

Having held that the trial court's order should be affirmed on the basis of Subdivision 4, we need not consider whether other subdivisions are applicable.

Affirmed.