GUARANTEE INSURANCE
COMPANY, Appellant,

v.

The FIRST NATIONAL BANK OF
JACKSONVILLE, Texas, Appellee.

No. 1002.

Court of Civil Appeals of Texas,
Tyler.

March 10, 1977.

Rehearing Denied June 30, 1977.

Charles H. Clark, Tyler, for appellant.

Gordon F. Thrall, Norman, Hassell, Spiers, Holland & Thrall, Jacksonville, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from an order entered by the trial court overruling appellant Guarantee Insurance Company's plea of privilege to be sued in Dallas County, Texas.

The appellee, The First National Bank of Jacksonville, Texas, brought suit in the Second Judicial District Court of Cherokee County, Texas, against appellant, Guarantee Insurance Company, and Archie B. Delaney for the recovery of insurance proceeds from appellant based upon the total loss of a truck owned by Delaney, and upon which appellee had the first mortgage and a security interest. Appellant duly and timely filed a plea of privilege to be sued in Dallas County, Texas, alleging said county to be the home office of appellant at the time of the filing of the plea of privilege. Thereafter appellee duly and timely filed its controverting plea urging as exceptions to the general venue rule Subdivisions 4, 23, 28 and 29a of Art. 1995, V.T.C.S. Appellee on appeal has abandoned any claim to venue based on Subdivision 29a. Upon a hearing of appellant's plea of privilege the trial court overruled its plea and appellant has appealed to this court.

We do not have the benefit of a statement of facts. No request for findings of fact was made and none was filed. A statement of facts was filed in this court on August 30, 1976. Our record reflects that the statement of facts was withdrawn on September 28, 1976 by counsel for appellant. On December 14, 1976, our Clerk notified appellant's counsel that the statement of facts had not been returned. Our records do not reflect that the statement of facts was ever returned. There seems to be a disagreement between our Clerk and counsel for appellant as to whether the statement of facts was returned. Although appellant's counsel was timely apprised that the statement of facts had not been returned, no steps were taken to remedy the situation. Be that as it may, the fact remains that we do not now have before us a statement of facts upon which we may determine the question raised by appellant's challenge to the sufficiency of the evidence.

■ Without a statement of facts and findings, such facts as are necessary to support the judgment must be presumed to have been found. *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363, 365 (Tex.1945); *Carter v. Servis Equipment Co.,* 378 S.W.2d 894 (Tex.Civ.App.–Houston 1964, writ dism'd); 4 Tex.Jur.2d Part 1 sec. 388 p. 222; 60 Tex.Jur.2d sec. 244 p. 163.

The judgment of the trial court is affirmed.

## ON APPELLEE'S MOTION FOR REHEARING

Upon consideration of appellee's motion for rehearing filed in response to our opinion of May 5, 1977, on appellant's motion for rehearing of our original decision of March 10, 1977, our opinion of May 5, 1977, reversing the trial court's judgment, and our judgment thereon, are withdrawn.

Appellant has filed as a part of the record in this case a copy of the lost original statement of facts duly executed in accordance with Rule 377, T.R.C.P. The state of the record is now such that we proceed to dispose of this appeal on its merits.

As stated in our original opinion, this suit was originally instituted in Cherokee County by the First National Bank of Jacksonville, Texas, appellee, against Guarantee Insurance Company, appellant, and Archie B. Delaney. Thereafter appellant filed its plea of privilege seeking to have the suit transferred to Dallas County, Texas. Appellee timely controverted said plea. Upon a hearing of the plea of privilege the court overruled the plea of privilege. From this order the appellant has appealed to this court. Defendant Delaney did not file a plea of privilege.

Appellee in its pleadings alleges that "At the time this vehicle was mortgaged to Plaintiff [appellee], DELANEY agreed with Plaintiff to take out insurance on said vehicle in at least the amount of $12,000 to cover Plaintiff in the event of any loss of this vehicle securing DELANEY'S said note to Plaintiff, and DELANEY then and there further agreed that such policy of insurance would have a loss payable clause inserted into the policy in favor of Plaintiff as beneficiary." Thereafter the appellant issued to Delaney its policy in the sum of $12,000 insuring and covering said truck for accidental loss or damage caused by fire. Thereafter during the term of the policy the truck was damaged by fire, with such damages "amounting to almost a total loss of the vehicle"; that instead of said insurance policy having the loss payable clause inserted therein in favor of the appellee, it was payable to Delaney. Thereafter Delaney defaulted in his payment of said note. The appellee sued Delaney for breach of the note and for foreclosure of the mortgage against the truck. Thereafter appellee was awarded a default judgment and pursuant thereto said truck was sold under execution to appellee, First National Bank of Jacksonville, Texas, for the sum of $500.00 and by reason thereof appellee became the legal owner of said truck. The balance owed appellee by Delaney pursuant to said judgment is far in excess of $12,000 which is the subject of this lawsuit.

To demonstrate that it has a cause of action against the resident defendant Delaney, appellee asserts in its brief that it as a lienholder is seeking judicially to "establish and enforce a lien that arises by force of the laws of this State." The appellee also asserts in its brief "that where there has been an agreement between a mortgagee and a mortgagor that the mortgagor will purchase insurance with the loss payable clause to the mortgagee, and the mortgagor purchases the insurance but fails to include such a loss payable clause, a lien upon the proceeds of that insurance policy arises in favor of the mortgagee."

■ At the outset we note two basic rules which govern our review of interlocutory venue appeals. First, every reasonable intendment must be indulged in favor of the action of the trial court. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319, 323 (1959). Second, the burden is on the plaintiff seeking to maintain venue as to an out-of-county resident to plead and prove that his case is within one or more of the venue exceptions set out in the statute. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97, 99 (1953); *Guerra v. Texas Employers Insurance Association*, 480 S.W.2d 769, 772 (Tex.Civ.App.–Corpus Christi 1972, n. w. h.).

■ The necessary venue facts to be established under Subdivision 4 of Art. 1995, Tex.Rev.Civ.Stat.Ann., are: (1) that one defendant resides in the county of suit; (2) that the party asserting his privilege is at least a proper party to the suit against the resident defendant; and (3) that plaintiff has a cause of action against a resident defendant. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *Dairyland County Mutual Insurance Company of Texas v. Bernal*, 547 S.W.2d 46 (Houston [1st Dist.] 1977, n. w. h.); *Theobold v. Pate*, 542 S.W.2d 460, 465 (Tex.Civ. App.–Tyler 1976, writ dism'd); *Hoover v. Barker*, 476 S.W.2d 126 (Tex.Civ.App.–Austin 1972, writ dism'd); 1 McDonald Texas

Civil Practice, sec. 4.10.2; 60 Tex.Jur.2d sec. 220 p. 108.

■ The term "cause of action" has been defined "as a fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *A. H. Belo Corp. v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939).

■ Delaney executed a note dated June 29, 1973, in the sum of $22,126.00 payable to appellee, secured by a 1971 Diamond Reo Diesel truck tractor. In connection therewith, a security agreement was executed by Delaney. The security agreement contains a paragraph which provides:

"Insurance—Debtor will insure the Collateral with companies acceptable to Secured Party against such casualties and in such amounts as Secured Party shall require with a standard mortgage clause in favor of Secured Party and Secured Party is hereby authorized to collect sums which may become due under any of said policies and apply same to the obligations hereby secured."

This provision of the security agreement gave appellee an equitable lien on the proceeds due the defendant-Delaney under the terms of the policy. *Fidelity & Guaranty Insurance Corp. v. Super-Cold Southwest Co.*, 225 S.W.2d 924 (Tex.Civ.App.–Amarillo 1949, writ ref'd n. r. e.); *Kirkpatrick v. Great American Insurance Co.*, 299 S.W. 943 (Tex.Civ.App.–Waco 1927, n. w. h.); and 32 Tex.Jur.2d Insurance, sec. 126, which reads:

"In the event that the mortgagor agrees with the mortgagee to take out insurance on the mortgaged property for the benefit of the mortgagee, and procures a policy on the property but fails to have the loss made payable to the mortgagee, as his interest may appear, the mortgagee, in case of a loss, will have an equitable lien on the money due on the policy."

■ Appellant contends that even though there was an agreement between appellee and Delaney that Delaney would take out insurance on the mortgaged property for the benefit of appellee that appel-

lee would not have a cause of action against it because it was not notified of such an agreement. For this contention appellant relies on a portion of a sentence found in *Fidelity & Guaranty Insurance Co. v. Super-Cold Southwest Co.*, supra, which reads: "Of course, if the insurer is not informed of an agreement, it is not bound thereby . . . .." The balance of the sentence is adverse to appellant's contention which reads: "but after the information is given to it [the insurer], the duty rests upon the insurer to treat the proceeds of the policy as though such a provision was written into the policy." Under the Fidelity case appellant, upon being informed of the agreement of Delaney with appellee that he would take out insurance on the vehicle here involved for the benefit of appellee, it was appellant's duty to treat the proceeds of the policy in question as though such a provision was written into the policy.

■ The evidence shows that (1) defendant Delaney was at all times pertinent to the question here involved a resident of Cherokee County, Texas; (2) the vehicle in question was situated in Cherokee County, Texas; (3) said vehicle was virtually totally destroyed by fire in said county; (4) appellee has a cause of action against the resident defendant Delaney; and (5) appellant was at least a proper party to the suit against the resident defendant.

It is our opinion that appellee has met the burden imposed upon it to maintain venue in Cherokee County, Texas, under Subdivision 4 of Art. 1995, Tex.Rev.Civ.Stat.Ann.

Having held that the trial court's order should be affirmed on the basis of Subdivision 4 we need not consider whether other subdivisions are applicable.

We deem our original decision of March 10, 1977, to be a correct disposition of this appeal. Appellee's motion for rehearing moving the court to withdraw its opinion rendered May 5, 1977, and affirming the trial court's judgment is therefore granted. For the reasons herein stated we respectfully overrule appellant's motion for rehearing filed herein on March 17, 1977 for reversal of our original opinion affirming the trial court's judgment.