FEDERAL DEPOSIT INSURANCE
CORPORATION, Appellant,

v.

HOLLAND AMERICAN INSURANCE
COMPANY, Appellee.

No. 08-87-00196-CV.

Court of Appeals of Texas,
El Paso.

Aug. 3, 1988.

Rehearing Denied Sept. 7, 1988.

Richard H. Knuck, Millard O. Anderson, Midland, for appellant.

James P. Boldrick, William W. Clifton, Jr., Dick R. Holland, Boldrick & Clifton, George D. Gilles, Midland, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

OPINION

OSBORN, Chief Justice.

The opinion issued by this Court on April 20, 1988, is set aside and the following is the opinion of the Court.

This appeal is from a summary judgment involving an insurance company's subrogation rights to proceeds paid in settlement of a third-party negligence suit, and a cross action against the insurance company for wrongful payment of proceeds under a physical loss policy. We affirm.

In January 1983, Fred M. Newman, Inc., obtained financing for the drilling company at The First National Bank of Midland. The company executed a note and security agreement and pledged the rig and other equipment as collateral for its debt of $877,005.59. As agreed to in the security agreement, Newman obtained a physical loss policy on the rig in which the bank was named as loss payee. On October 14, 1983, the bank was placed in receivership and the Federal Deposit Insurance Corporation was appointed receiver of its assets. When the insurance policy expired on October 28, 1983, Newman procured a new policy from Holland American Insurance Company and the policy did not have a loss payee clause.

The rig was damaged on November 19, 1983, due to improper installation of guy-line anchors. On November 21, 1983, F.D.I.C. notified United General Insurance Company of Midland, the alleged agent for Holland, of its security interest in the rig and requested payment to it under the policy issued by Holland. In February 1984, Holland paid Newman, as owner of the insured rig, $133,732.27.

Newman then filed suit against Anchor Specialty, Inc., to recover its damages due to the alleged negligence of Anchor in in-

stalling the guyline anchors. Holland intervened to recover under its rights of subrogation. F.D.I.C. intervened to recover based on the debt of Newman and its rights under its security agreement. This third-party suit was settled and Anchor was dismissed from the suit after its carrier paid $130,000.00 into the registry of the court.

In response to a motion to strike the Appellant's plea in intervention, F.D.I.C. filed a cross-claim against Newman and Holland in which it incorporated its claims in its Petition in Intervention and sought to be subrogated to the rights of Newman under its debt and Security Agreement. It also alleged the debt owed by Newman to the bank which had been assigned to F.D.I.C. F.D.I.C. further alleged it was entitled to recover damages from Holland after the insurer had made payment under its insurance policy with knowledge of the rights of F.D.I.C. as a secured creditor.

■ Holland filed a motion for summary judgment and attached affidavits to establish that Fred Newman, Inc., was a named insured under its policy, and that neither First National Bank of Midland nor F.D.I.C. was a named loss payee or additional insured. F.D.I.C. asserts that having put Holland's local agent on notice of its claim to the insurance proceeds, it was entitled to recover the settlement proceeds which had been paid into the registry of the court. It relies upon the holdings in *Guarantee Insurance Company v. First National Bank of Jacksonville*, 552 S.W.2d 855 (Tex.Civ.App.—Tyler 1977, writ dism'd); *Fidelity & Guaranty Ins. Corporation v. Super-Cold Southwest Co.*, 225 S.W.2d 924 (Tex.Civ.App.—Amarillo 1949, writ ref'd n.r.e.); and *Kirkpatrick v. Great American Ins. Co.*, 299 S.W. 943 (Tex.Civ. App.—Waco 1927, no writ). Those cases are not applicable. They all involve the right to insurance proceeds. This case involves the proceeds of the settlement paid by the third-party defendant. Holland paid the claim under its physical loss policy, and thereby became subrogated to the rights of Newman against the third-party defendant who was legally responsible for the damage to the insured rig. *Magnolia Pipe Line Co. v. Security Union Ins. Co.*, 37 S.W.2d 1062 (Tex.Civ.App.—Beaumont 1931, no writ). We conclude that the trial court correctly decided that Holland should recover the $130,000.00 paid by Anchor in settlement of the third-party suit. Points of Error Nos. One and Two are overruled.

■ F.D.I.C. contends in its last point of error that the trial court erred in granting Holland's motion for summary judgment as to F.D.I.C.'s cross-claim. One of the grounds alleged was that Holland wrongfully paid Newman after notice of F.D.I. C.'s status as a secured creditor. F.D.I.C. pled that Holland paid Newman $133,-732.27 on February 27, 1984. The cross-claim was filed March 17, 1987. In its findings of fact, the trial court found the cross-claim for wrongful payment of insurance proceeds is a tort cause of action, and that F.D.I.C. knew of the payment more than two years before it filed the cause of action asserting wrongful payment of insurance proceeds. In the conclusions of law, the court stated the cross-claim is a tort cause of action, and such cause of action was barred by the two-year statute of limitation.

In *Willis v. Maverick*, —— S.W.2d ——, 31 Tex.Sup.Ct.J. 569 (July 9, 1988), the Court held that a tort cause of action is governed by the two-year limitations statute. Based upon that holding and the findings made by the trial court, Point of Error No. Three is overruled.

By a single cross-point, Holland contends this Court should, under Tex.R.App.P. 84, assess damages against the F.D.I.C. because the appeal has been taken for delay and was set without sufficient cause. We do not agree with that contention, and the cross-point is overruled.

The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

Federal Deposit Insurance Corporation urges, in its motion for rehearing, that the Court erred in applying the state tort stat-

ute of limitation rather than the federal tort statute of limitations. It contends that under 28 U.S.C., sec. 2415(b), a tort action by the F.D.I.C. is only barred after three years rather than two years under the state statute. Such argument gains the Appellant nothing in this case. Holland made its payment to Newman on February 27, 1984. The cross action in this case was filed on March 17, 1987, more than three years after the carrier paid its insured rather than F.D.I.C.

The motions for rehearing filed by both the Appellant and Appellee are overruled.